CARLETON R. BURCH (Bar No. 130701)
crb@amclaw.com
VANESSA S. DAVILA (Bar No. 192710)
vsd@amclaw.com
ANDERSON, McPHARLIN & CONNERS LLP
Thirty-First Floor
444 South Flower Street
Los Angeles, California 90071-2901
TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

Attorneys for Plaintiff CUMIS
Insurance Society, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CUMIS INSURANCE SOCIETY, INC., a Wisconsin corporation, <br><br> Plaintiff, <br><br> vs. <br><br> GUADALUPE C. GONZALES, an individual; NORMA JIMENEZ, an individual and DOES 1-20, <br><br> Defendants. | Case No. CV08-06659 AHM (JWJx) <br><br> [Assigned to the Hon. A. HOWARD MATZ, Dept./Room 14] <br><br> Action Filed:  October 9, 2008 <br><br> **PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS AND INFORMATION** <br><br> *[Filed concurrently with Stipulation regarding Protective Order]* <br><br> Trial Date:  August 19, 2009 |

*NOTE THE COURT'S CHANGES.* [signature]

Plaintiff CUMIS INSURANCE SOCIETY, INC., a Wisconsin corporation ("Plaintiff") and Defendant NORMA JIMINEZ, an individual ("Defendant"), (collectively, the "Parties"), by and through their respective counsel of record entered into a stipulation (the "Stipulation"), agreeing to be bound by the terms of following Protective Order regarding disclosure of confidential documents and information.

The Court hereby approves the Parties' Stipulation, filed concurrently herewith, and issues the following Protective Order:

1. In connection with discovery proceedings in this action, the Parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns or relates to the internal policies, processes, operations, type of work, or other internal confidential information, including but not limited to employee and customer information, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained, as well as other information deemed by the Parties to be of a sensitive nature the disclosure of which information may affect the privacy rights of a party or other persons not parties to this action. By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this Order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning *Federal Rules of Civil Procedure,* Rule 26(g).

2. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter

taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a) counsel of record in the action and persons regularly employed in the offices of such counsel;

(b) the Parties, their affiliates, officers and directors;

(c) any non-party who is deposed in the action, but only for and during such non-party's deposition and at no other time;

(d) any expert or consultant that any of the Parties retain to assist them in the action (including to testify at a deposition, hearing or trial in the litigation), to the extent such Confidential Materials are necessary for the experts or consultants in rendering their advice or opinions;

(e) witnesses or deponents and their counsel, during the course of and, to the extent necessary, in preparation for and during the taking of depositions or testimony in the action, solely for the purpose of their preparation for or participation in such depositions or testimony; and

/ / /
/ / /
/ / /

1      (f) litigation support services, including outside copying services, court
2  reporters, stenographers or companies engaged in the business of supporting
3  litigation discovery or trial preparation, retained by a party or its counsel for the
4  purpose of assisting that party in the litigation.
5      Prior to receiving any Confidential Material, counsel shall inform each person
6  to who documents containing the Confidential Material are to be disclosed of the
7  terms of this Order, and such persons must agree in advance in writing to be bound
8  by the terms hereof, unless disclosure is required under any court order.
9      6.    Depositions shall be taken only in the presence of qualified persons.
10     7.    Nothing herein shall impose any restrictions on the use or disclosure by
11 a party of material obtained by such party independent of discovery in this action,
12 whether or not such material is also obtained through discovery in this action, or
13 from disclosing its own Confidential Material as it deems appropriate.
14     8.    In the event that any Confidential Material is used in any court
15 proceeding in this action, [the Court shall determine whether the Material] ~~it shall not~~ lose its confidential status through such use,
16 and the party using such shall take all reasonable steps to maintain its confidentiality
17 during such use.
18     9.    This Order shall be without prejudice to the right of the Parties (i) to
19 bring before the Court at any time the question of whether any particular document
20 or information is confidential or whether its use should be restricted or (ii) to present
21 a motion to the Court under *Federal Rules of Civil Procedure,* Rule 26(c) for a
22 separate protective order as to any particular document or information, including
23 restrictions differing from those as specified herein. This Order shall not be deemed
24 to prejudice the Parties in any way in any future application for modification of this
25 Order.
26 ///
27 ///
28 ///

4
PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS AND INFORMATION

Case 2:08-cv-06659-AHM-JWJ   Document 30   Filed 02/27/09   Page 5 of 10   Page ID #:181

10. Inadvertent production of or failure to designate any documents or materials as Confidential Materials shall not be deemed a waiver of the producing Party's claim of confidentiality as to such documents or materials, and the producing Party or non-party may thereafter designate such information as Confidential Materials.

11. Stipulating to the terms of this Order and/or producing or receiving Confidential Materials hereunder shall not:

    (a) prejudice in any way the rights of any Party to object to the production of documents (or any portions thereof) or materials on the basis of burden, relevance, responsiveness, the attorney-client or any other applicable privilege, or the work product doctrine;

    (b) prejudice in any way the rights of any Party to object to the authenticity or admissibility of any document, testimony or other materials or evidence subject to this Agreement;

    (c) prejudice in any way the rights of any Party to seek a determination by the Court whether any Confidential Materials have been properly designated as "Confidential" or for a protective order on the basis of relevance, responsiveness, the attorney-client or any other applicable privilege, or the work product doctrine;

    (d) prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any purportedly trade secrets, personal, medical, health or financial data, unpublished financial data, proprietary or other confidential, private or sensitive information of a non-public nature; or

///
///
///

719637.1 4525.934

5
PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS AND INFORMATION

1  (e) prevent the Parties to this Agreement from agreeing in writing to
2  thereafter alter or waive the provisions or protections provided
3  for herein with respect to any particular Confidential Materials or
4  any information contained therein.

5  12. If documents or information subject to a claim of attorney-client
6  privilege, attorney work product, or any other ground on which production of such
7  information should not be made to any Party is nevertheless inadvertently produced
8  to such Party, such production shall in no way prejudice or otherwise constitute a
9  waiver of, or estoppel as to, any claim of privilege, work product, or other ground
10 for withholding production to which the producing Party would otherwise be
11 entitled (collectively, a "privilege"). If a claim of inadvertent production is made
12 pursuant to this paragraph with respect to information then in the custody of the
13 receiving Party, the receiving party shall promptly return to the producing Party
14 those documents and information (or the portion thereof) as to which the claim of
15 inadvertent production has been made, including any copies that are not destroyed,
16 and the receiving Party shall not use such information for any purpose until the
17 Court issues an order concerning the producing Party's claim that the documents
18 were inadvertently produced. The Party returning such documents or information
19 may subsequently move the Court for an order compelling production of the
20 documents or information, but any such motion shall not assert as a ground for
21 entering such an order the fact or circumstances of the inadvertent production,
22 unless the moving party asserts that there was no valid basis for withholding
23 production of the documents or information.

24 13. This Order shall be binding on the Parties whose attorneys have signed
25 below. If additional parties want access to Confidential Material and agree to be
26 bound by the terms of this Order, they may file with the Court an "Agreement to be
27 ///
28 ///

719637.1 4525.934

1  Bound by Stipulated Protective Order" using the form designated as Exhibit "A" and
2  attached hereto, in which event they will be deemed to be a party to this Order for
3  all purposes as of the date said "Agreement to be Bound by Stipulated Protective
4  Order" is signed.

5      14.   This Order shall survive the final termination of this action, to the
6  extent that the information contained in Confidential Material is not or does not
7  become known to the public, ~~and the Court shall retain jurisdiction to resolve any~~
8  ~~dispute concerning the use of information disclosed hereunder.~~ Upon termination of
9  this case, counsel for the Parties shall assemble and return to each other all
10 documents, material and deposition transcripts designated as confidential and all
11 copies of same, or shall certify the destruction thereof.

12     IT IS SO ORDERED.     NOTE THE COURT'S CHANGES.
13 DATED: February 27, 2009

*[Signature]*
THE HONORABLE JEFFREY W. JOHNSON

*Handwritten addition:* The Court and its personnel shall not be subject to the provisions of this Protective Order.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

719637.1 4525.934

# EXHIBIT "A"

## AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I, _____, acknowledge that:

(1) I have received a copy of the **STIPULATED PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS AND INFORMATION** ("Stipulated Protective Order") entered in the action entitled *CUMIS Insurance Society, Inc. v. Guadalupe C. Gonzales, Norma Jiminez, and Does 1 through 20, inclusive,* United States District Court, Central District of California, Western Division, Case No. CV08-06659 AHM (JWJx);

(2) I have read the Stipulated Protective Order;

(3) I understand the terms, conditions, and restrictions imposed by the Stipulated Protective Order;

(4) I understand that the Stipulated Protective Order prohibits anyone given access to confidential documents, material or information (collectively, "Confidential Material"), as described in the Stipulated Protective Order, from disclosing, exploiting, or using such Confidential Material or other discovery material or deposition testimony in the case for any purpose, or in any manner, not connected with the prosecution or defense of this case; and

(5) I agree to be bound by all of the terms, conditions, and restrictions imposed by the Stipulated Protective Order.

Dated:_____    Print Name:_____

Occupation:_____

Employer:_____

Business Address:_____

Business Telephone:_____

719637.1 4525.934

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

I am employed in the County of San Bernardino, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 3602 Inland Empire Boulevard C-100, Ontario, California 91764.

On February 19, 2009, I served the following document(s) described as **PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS AND INFORMATION** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Guadalupe C. Gonzales  
6452 Glacier Ridge Avenue  
Las Vegas, NV 89131    In Pro Per

John P. Goffin, Esq.  
John P. Goffin Law Offices  
12650 Riverside Drive, Suite 100  
North Hollywood, CA 91607  
Telephone: (818) 755-4848  
Facsimile: (818) 760-2583    Attorney for Norma Jimenez

**BY MAIL:** I am "readily familiar" with Anderson, McPharlin & Conners' practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Ontario, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on February 19, 2009, at Ontario, California.

Cynthia Fitch

ANDERSON, McPHARLIN & CONNERS LLP  
LAWYERS  
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR  
LOS ANGELES, CALIFORNIA 90071-2901  
TEL (213) 688-0080 • FAX (213) 622-7594

719637.1 4525.934